UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Carlos Vosburgh,
    Plaintiff

    v.                                    Civil No. 07-cv-101-SM

FNU Bourassa; and James O'Mara, Jr.,
Superintendent of the Hillsborough
County Department of Corrections,
    Defendants

**O R D E R**

On December 2, 2008, plaintiff's counsel failed to appear at the scheduled time for jury selection in this case. That morning, he indirectly communicated with this court about his absence by asking defense counsel to advise the Deputy Clerk that he was attending an "emergency" hearing in the New Hampshire Superior Court for Merrimack County (less than one mile from the federal court).

The Deputy Clerk and Chief Deputy Clerk made calls to the Superior Court Clerk in an effort to determine what the facts were and when counsel might appear to participate in jury selection. The Superior Court Clerk advised that there was no "emergency" of which he was aware; that counsel was participating in a fairly routine bail revocation hearing that had been scheduled for months; and that had counsel informed the Superior Court that he had a jury panel waiting in federal court, the

Superior Court would have delayed the bail revocation hearing while counsel drew the jury as a matter of course.

But, counsel apparently never advised the Superior Court that some fifty potential jurors, defense counsel, courtroom staff, and court reporter were all sitting idly awaiting his appearance.  Counsel did not directly call this court's Deputy Clerk to explain his ostensible difficulty; did not provide an estimate of his likely arrival time; and made no effort in advance, or on the morning of jury draw, to alert either this court or the state court to a potential scheduling problem.  Counsel did not appear in this court until over ninety minutes after the scheduled proceeding was to begin, which meant that jury panel members who should have been released by mid-morning were held until the afternoon.  Not only were those citizens all delayed, but they undoubtedly did not appreciate the lack of respect shown for their time and the apparent inefficiency of the court system, all due to counsel's indifference.

Counsel was directed to show cause, in writing, why he should not be sanctioned for failing to appear on time, causing a substantial delay of court proceedings, and imposing significant inconvenience on the entire jury panel and court staff.  He has done so, but his explanation consists of little more than an

appeal to sympathy for his client in the probation revocation proceeding, coupled with a contention that he deemed it more pressing to proceed with that hearing, and made a "mistake" in misjudging the time required to complete the state hearing. (The state hearing was scheduled for 9:00 a.m.; jury selection for 9:30 a.m.).

These circumstances warrant a sanction. First counsel knew, well in advance of December 2, that he faced a potential scheduling conflict, yet he did nothing about it. Even when counsel knew, or reasonably should have known, that he could not possibly complete the state court matter and be present for jury selection, still, he did not contact this court, or inform the Superior Court. He simply proceeded with the state matter, leaving the chips to fall where they may. That conduct was not only rude and unprofessional, it bordered on contempt.

This court and the state courts routinely and consistently cooperate to ensure that conflicts such as this, which are bound to occur, are worked out expeditiously and efficiently, without imposing upon either court, and certainly not upon jurors, witnesses, or other citizen participants in the legal process. But that requires a minimal degree of civil behavior by counsel — a word, some hint of a potential problem. It is plainly not

acceptable for legal counsel to simply make a silent choice to proceed in one forum while leaving the other to sit and wait, uninformed of the circumstances then prevailing, until counsel manages to show up.  The mistakes counsel made go well beyond his own assessment of a mere misguided "hope" that the state hearing would have been brief.  His mistakes also included a demonstrated disregard for opposing counsel, the litigants, the jurors, and this court; a failure to recognize and address the potential scheduling conflict when it first arose; a failure to communicate with this court; a failure to communicate with the Superior Court; and a presumption that his personal preferences and priorities with respect to which proceeding should go forward should be dispositive.

   Counsel has placed this court in an uncomfortable position.  On the one hand, his conduct is properly subject to sanction.  On the other, that conduct is both surprising and out of character.  This attorney is unquestionably capable, generally produces high quality work, is a talented trial advocate, and without question voluntarily sacrifices a great deal in terms of material success by taking on prisoner cases such as this one — cases that few attorneys are competent to handle, and even fewer are willing to take.  A good reputation is something of great value when earned over time, and it can be a strong mitigating factor, but it can

be quickly squandered.  But for the mitigating factors mentioned above, the sanction in this case would have been a fine of $1,000 for each hour or part of an hour that the jury panel was delayed, or $2,000.

Counsel is hereby sanctioned as follows.  He shall pay a fine of $500.00 to the Clerk or, in the alternative, he may instead choose to perform three hours of service assisting the jury administrator of this court in managing the jury pool (i.e., roughly twice the time he delayed the jurors).

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

December 19, 2008

cc:  Michael J. Sheehan, Esq.
     John A. Curran, Esq.
     Elizabeth L. Hurley, Esq.